**BEFORE THE**
**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| BROOKLYN BEDDING, LLC, FXI, INC., KOLCRAFT ENTERPRISES, INC., LEGGETT & PLATT, INCORPORATED, THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AND UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO. | ) ) ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Court No. 24-00002 |
| UNITED STATES, | ) ) ) | |
| *Defendant*. | ) ) | |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade ("CIT"), Plaintiffs, Brooklyn Bedding, LLC, FXI, Inc., Kolcraft Enterprises, Inc., Leggett & Platt, Incorporated, the International Brotherhood of Teamsters, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, (collectively, "Plaintiffs" or "Mattress Petitioners"), by and through their attorneys, allege herein as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiffs contest certain aspects of the US Department of Commerce's ("the Department") final results in the first administrative review of the antidumping duty order covering Mattresses from Indonesia, published in the *Federal Register* on December 7, 2023. *See Mattresses From Indonesia: Final Results of Antidumping Duty Administrative Review; 2020-*

*2022*, 88 Fed. Reg. 85240 (Dec. 7, 2023) ("*Final Results*") and accompanying Issues and Decision Memorandum ("*Final IDM*").

## JURISDICTION

2. This Court has jurisdiction over this proceeding pursuant to 28 USC § 1581(c) because this action is commenced under 19 USC § 1516a(a)(2)(B)(iii).

3. Alternatively, this court has jurisdiction over this proceeding pursuant to 28 USC § 1581(i) because this case arises from a determination made by the United States concerning "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 USC § 1581(i)(1)(B).

## TIMELINESS OF ACTION

4. The Department's *Final Results* were published in the *Federal Register* on December 7, 2023. Pursuant to 19 USC § 1516a(a)(2)(A)(i), the Plaintiffs commenced this action by timely filing a Summons with this Court on January 5, 2024, which is 30 days after the date the *Final Determination* was published in the *Federal Register* and are now filing the Complaint within thirty days after filing of the Summons.[1] Accordingly, this action is timely in accordance with 28 USC § 2636(c) and within the time limits specified in 19 USC § 1516a(a)(2)(A)(i)(I) and United States Court of International Trade Rule 3(a)(2).

## STANDING

5. Plaintiffs were the petitioners in the underlying antidumping duty investigation, requested the administrative review that is subject to this appeal, and actively participated in that proceeding. Plaintiffs include companies that are US producers of a domestic like product as

---

[1] Thirty days after January 5, 2024, was Sunday February 4, 2024. Therefore, Plaintiffs timely filed their complaint on Monday February 5, 2024, pursuant to CIT Rule 6(a)(1)(C).

well as certified labor unions that are representative of an industry engaged in the US manufacture, production, or wholesale of a domestic like product, and are therefore "interested parties" within the meaning of 19 USC §§ 1677(9)(C) and (D), respectively. Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## PROCEDURAL HISTORY

6. The Department published the antidumping duty order on mattresses from Indonesia on May 14, 2021. *Mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia*, 86 Fed. Reg. 26460 (May 24, 2021).

7. On July 14, 2022, the Department initiated the first administrative review of the antidumping duty order on mattresses from Indonesia. *See Initiation of Antidumping and Countervailing Duty Administrative Review*, 87 Fed. Reg. 42144 (July 14, 2022) ("*Initiation Notice*").

8. The Department selected PT Ecos Jaya Indonesia ("Ecos") as a mandatory respondent in this administrative review. *See* Memorandum from the Department, "Respondent Selection" (Aug. 5, 2022). In its response to Section A of the initial questionnaire, Ecos explained that it was affiliated with another manufacturer of subject merchandise, PT Grantec Jaya Indonesia ("Grantec") (collectively "Ecos/Grantec"), and filed all responses to the Department's questionnaire on behalf of this collapsed entity. *See* Letter from Ecos/Grantec, "Section A Questionnaire Response" (Sept. 14, 2022) ("AQR") at A-2.

9. As part of its response to Section A of the Department's questionnaire, Ecos/Grantec provided a product brochure of all its product listings. *See* AQR at A-44 and Exhibit A-18. Ecos/Grantec's product brochure included standard mattresses of various sizes and kinds, as well

as several products called "4 Inch Tri-Folding Memory Foam Mattresses" and a "8 Inch I Gel Foam Mattress and Floor Sofa." AQR at Exhibit A-18.

10. In their response to Sections C and D of the Department's initial questionnaire, Ecos/Grantec asserted that both its tri-folding mattresses and foam mattress floor sofas were non-subject merchandise and therefore did not report any sales or cost data associated with these products. *See* Letter from Ecos/Grantec, "Sections C and D Questionnaire Responses and Errata to Section A Questionnaire Response" (Oct. 4, 2022) ("C-DQR") at C-7.

11. On October 17, 2022, Plaintiffs filed rebuttal factual information in response to Ecos/Grantec's C-DQR, including (1) the Department's final scope decision memorandum from the underlying investigation wherein the Department held that tri-folding mattresses were in-scope merchandise, and (2) a submission from the producer of the tri-folding mattress during the underlying investigation which showed that the tri-folding mattresses at issue in the investigation were nearly identical to Ecos/Grantec's tri-folding mattresses. *See* Letter from Mattress Petitioners, "Rebuttal Factual Information Submitted In Response to Ecos/Grantec's Section C Questionnaire Response" (October 17, 2022).

12. On October 24, 2022, Ecos/Grantec responded to the rebuttal factual information provided by Mattress Petitioners and provided specification sheets for all of its tri-folding mattresses and foam mattress floor sofas. *See* Letter from Ecos/Grantec, "Response to Petitioners' Section C Rebuttal Factual Information" (Oct. 24, 2022). In addition, Ecos/Grantec explained that it did not report sales and cost data for these products based on its assumption that the tri-folding mattresses met the "topper" exclusion outlined in the scope, and that its foam mattress floor sofas met the "multifunctional furniture" exclusion outlined in the scope. *See id.* at 3.

13. On October 27, 2022, Plaintiffs filed comments with the Department and explained at length why Ecos/Grantec's tri-folding mattresses were squarely within the scope of the antidumping duty order because the products met the definition of a mattress and did not satisfy the requirements for any express exclusion outlined in the antidumping duty order. *See* Letter from Mattress Petitioners, "Mattress Petitioners' Deficiency Comments Submitted In Response to Ecos/Grantec's Section C and D Questionnaire Response" (Oct. 27, 2022). In particular, Mattress Petitioners noted that Ecos/Grantec's tri-folding mattresses were nearly identical to the tri-folding mattresses that the Department found were in-scope merchandise during the investigation. *Id.* at 4-6.

14. On December 7, 2022, the Department issued a supplemental Sections C and D questionnaire to Ecos/Grantec specifically requesting additional information about its tri-folding mattresses and an explanation of why Ecos/Grantec believed such products were not in-scope. *See* Letter from the Department, "Supplemental Questionnaire" (Dec. 7, 2022).

15. On January 10, 2023, Ecos/Grantec responded to the Department's supplemental questionnaire and continued to assert that its tri-folding products were not in-scope merchandise because they met the "topper" exclusion outlined in the order. *See* Letter from Ecos/Grantec, "Response to the Department's December 7th Supplemental Sections A and C Questionnaire and December 13th Supplemental Sections A, D, and E Questionnaire" (Jan. 10, 2023) ("SC-DQR").

16. On February 14, 2023, Mattress Petitioners responded Ecos/Grantec's SC-DQR and reiterated that Ecos/Grantec's tri-folding mattresses and foam mattress floor sofas met the definition of a mattress and did not qualify for the "topper" or "multifunctional furniture" exclusions outlined in the antidumping duty order. *See* Letter from Mattress Petitioners, "Mattress Petitioners' Deficiency Comments Submitted in Response to Ecos/Grantec's

Supplemental Questionnaire Response" (Feb. 14, 2023).

17. On May 4, 2023, Mattress Petitioners submitted comments in advance of the preliminary results. *See* Letter from Mattress Petitioners, "Mattress Petitioners' Pre-Preliminary Comments—Ecos/Grantec" (May 4, 2023). In these comments, Mattress Petitioners again reiterated that Ecos/Grantec's tri-folding mattresses met the definition of a mattress, were identified in Ecos/Grantec's product catalogue as mattresses, were not marketed or advertised as a supplement to a mattress (*i.e.*, a topper), and were nearly identical to tri-folding mattresses that the Department had previously found to be in-scope. Similarly, Mattress Petitioners explained that Ecos/Grantec's foam mattress floor sofas did not qualify for the multifunctional furniture exclusion because the product was simply a foldable mattress and was not integrated into the design and construction of, and inseparable from, any furniture frame (one of the three requirements of the multifunctional furniture exclusion). Therefore, both products were in scope and should have been reported in Ecos/Grantec's sales and cost databases. *Id.* at 16-27.

18. On June 6, 2023, Commerce published its preliminary results but did not address Mattress Petitioners concerns that Ecos/Grantec had failed to report significant sales of in-scope merchandise (*i.e.*, the tri-folding mattresses and foam mattress floor sofas). *See Mattresses from Indonesia: Preliminary Results of Antidumping Duty Administrative Review; 2020-2022*, 88 Fed. Reg. 37028 (June 6, 2023) ("*Preliminary Results*") and accompanying Decision Memorandum ("PDM").

19. On October 25, 2023, Plaintiffs filed a case brief addressing various arguments, including the Department's failure to require Ecos/Grantec to report sales of subject merchandise (*i.e.*, the tri-folding mattresses and foam mattress floor sofas). *See* Letter from Petitioners, "Case Brief" (Oct. 25, 2023). Plaintiffs reiterated that Ecos/Grantec's tri-folding mattresses and foam mattress

floor sofas both met the definition of a mattress as outlined in the scope of the antidumping duty order, did not qualify for any exclusion, and therefore should have been reported as subject merchandise.

20. On November 3, 2023, Ecos/Grantec filed a rebuttal brief and continued to assert that it appropriately excluded its tri-folding mattresses and foam mattress floor sofas from its sales and cost reporting under the assumption that such products met the topper and multifunctional furniture exclusions outlined in the scope of the antidumping duty order. *See* Letter from Ecos/Grantec, "Rebuttal Brief" (Nov. 3, 2023).

21. On November 15, 2023, the Department held a public hearing. Petitioners again argued that Ecos/Grantec failed to report all sales of subject merchandise to the United States during the period of review based on an erroneous assumption that such products were excluded from the *Order*. *See* Letter from the Department, "Hearing Transcript" (Nov. 15, 2023).

22. On December 7, 2023, the Department published the final results of its administrative review and, for the first time, held that the Ecos/Grantec's tri-folding mattresses and foam mattress floor sofas met the "topper" and "multifunctional furniture" exclusions, respectively, outlined in the scope of the antidumping duty order. *See Final IDM* at Comment 3.

## CLAIMS

### Count 1

23. Paragraphs 1 through 22 of this Complaint are incorporated herein by reference.

24. Insofar as the Department found tri-folding mattresses to be in-scope merchandise in the underlying investigation, its determination in the first administrative review that Ecos/Grantec's tri-folding mattresses were not in-scope merchandise was not supported by substantial evidence on the administrative record.

<u>Count 2</u>

25. Paragraphs 1 through 24 of this Complaint are incorporated herein by reference.

26. Insofar as Ecos/Grantec's foam mattress floor sofa does not have any furniture framing, the Department's determination that Ecos/Grantec's foam mattress floor sofas satisfied the multifunctional furniture exclusion in the antidumping duty order is not supported by substantial evidence on the administrative record.

**<u>REQUEST FOR JUDGMENT AND RELIEF</u>**

WHEREFORE, the Mattress Petitioners respectfully request that this Court:

27. Hold that the Department's *Final Results* was not supported by substantial evidence or otherwise in accordance with law;

28. Remand this matter to the Department for disposition consistent with the final opinion and order of the Court; and

29. Grant such further relief as this Court deems just and proper.

Dated: February 5, 2024                         Respectfully submitted,

<u>/s/ Yohai Baisburd</u>

Yohai Baisburd
Chase J. Dunn
Nicole Brunda
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street, NW, Suite 400
Washington, D.C. 20006
Phone: (202) 567-2300
Email: ybaisburd@cassidylevy.com
*Counsel to Plaintiffs*